[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
This is an appeal from the grant of a permit by the named defendant. By their motion dated July 14, 1995, the defendants Peter and Sandra Blais moved to expunge Appendices A and B attached to plaintiff's brief (the "Appendices"), as well as references in that brief to the Appendices. That motion was heard by the court on August 7, 1995, and action on it was deferred until the time of trial.
DISCUSSION
The plaintiff argues that, even though they were not part of the record before the named defendant, the Appendices are nonetheless materials of which the court can, and should, take judicial notice, and that, pursuant to § 8-8 (k) of the General Statutes, they are necessary to the equitable disposition of this appeal.
The plaintiff argues that the Appendices, which are entitled, respectively, "Protecting Connecticut's Water-Supply Watersheds: A Guide for Local Officials" (which was apparently prepared by a private consulting firm for the Department of Environmental Protection of the State [DEP] and published by the Capitol Region Council of Governments) and "Best Management Practices for the Protection of Ground Water — A Local Official's Guide to Managing Class V VIC Wells" (which was apparently prepared and published by DEP), are regulations of a state agency of which the court can CT Page 5163-YYY take judicial notice pursuant to § 52-163 of the General Statutes.
It is held that neither of the Appendices is a regulation as defined in § 4-166 (13) of the General Statutes, because neither of them is a "statement of general applicability . . . that implements, interprets, or prescribes law or policy. . . ." Rather, each of them is a self-described guide for local officials. Further, neither of them was adopted in accordance with the provisions of Chapter 54 of the General Statutes.
It is also held that the equitable disposition of this appeal does not require the admission into evidence of the Appendices, because the Appendices would not aid the court in the resolution of any issue raised in this appeal.
CONCLUSION
The motion to expunge is granted.
Levine, J.